IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDGAR and MARIA RIVEROS-SANCHEZ,    :
individually and as husband and wife,     :
                                        :
                 Plaintiffs,      :  NO. 19-CV-00545-JFL
                                          :
      vs.                          :
                                          :
CITY OF EASTON, et al.,        :
                                          :
                 Defendants.    :  JURY TRIAL DEMANDED
                                          :

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

**I.**     **PROCEDURAL HISTORY**

Plaintiffs, Edgar and Maria Riveros-Sanchez, commenced this action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Northampton County, Pennsylvania (the "State Court") on July 28, 2017 against Defendant, City of Easton ("Easton" or the "City"), and Defendant, Elizabeth Gehman, in her individual capacity and in her official capacity as a Rental Housing Inspector for the City. Plaintiffs served Easton and Ms. Gehman with the Writ of Summons (the "Writ") on or about August 4, 2017.

Plaintiffs filed their Complaint in the State Court on August 6, 2018, naming Easton, Ms. Gehman, and Defendant, John Bast, individually and in his official capacity as the Chief of the City's Fire Department,[1] as defendants in the Complaint. In the Complaint, Plaintiffs bring federal claims against Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") for both substantive and procedural due process violations. Plaintiffs also bring state law claims against Defendants for negligence and tortious interference with contract.

_____

[1] Mr. Bast retired as the City's Fire Chief in September 2018.

Plaintiffs did not initially serve Defendants with the Complaint.  Plaintiffs reinstated the Complaint on January 14, 2019.  Plaintiffs' Certificate of Service attached to the Reinstated Complaint indicates that the Reinstated Complaint was served on January 7, 2019 by regular mail.  The Northampton County Sheriff served Mr. Bast with the Reinstated Complaint on January 16, 2019.  On February 6, 2019, Defendants removed this action to this Honorable Court.  Defendants now move to dismiss the causes of action against them set forth in the Complaint in their entirety.

## II.   <u>STATEMENT OF FACTS</u>

Plaintiffs allege that this action arises from the "unlawful condemnation" of their property located at 723 Washington Street, Easton, Northampton County, Pennsylvania 18042 (the "Property").  Compl. ¶ 6.  Plaintiffs allege that they purchased the Property in 2003 and rented it to various tenants "[o]ver the next several years."  Compl. ¶¶ 8–9.  Plaintiffs allege that in August 2014, they "applied and were approved for a renewal of their rental registration."  Compl. ¶ 10.

Plaintiffs allege that on or about July 28, 2015, their tenants were "forced" to vacate the Property after an inspection by the City's License and Inspection Department.  Compl. ¶ 11.  According to Plaintiffs, they were advised that "there were violations on the [P]roperty including but not limited to [their] failure to install a fire alarm system" and that "they needed to install a fire alarm system on the [P]roperty in order to pass their final inspection."  Compl. ¶¶ 12–13.

Plaintiffs allege that on or about August 21, 2015, their account executive from Tyco Fire Alarm System ("Tyco") sent an e-mail to Ms. Gehman "informing her that Tyco was working with Plaintiffs on installing [a] fire alarm."  Compl. ¶ 14.  Plaintiffs allege that Tyco installed the fire alarm system at the Property "in the Fall of 2015."  Compl. ¶ 15.

Plaintiffs allege that on or about December 3, 2015, their property manager sent an e-mail to Ms. Gehman to schedule an appointment to inspect the Property.  Compl. ¶ 16.  Plaintiffs allege that on or about December 4, 2015, their property manager "communicated with" the City and Ms. Gehman "to have them aware that a new alarm system had been installed and to request them for inspection of the [P]roperty."  Compl. ¶ 17.  Plaintiffs allege that on or about December 10, 2015, the Property passed the fire alarm inspection with the City's Codemaster, who separately reported the result of the inspection to the City.  Compl. ¶ 18.

Plaintiffs allege that on or about December 22, 2015, Ms. Gehman confirmed by e-mail that "they have Plaintiffs' document on their file showing that they passed the inspection."  Compl. ¶ 19.  Plaintiffs claim that, "[d]espite receiving document of passing the fire alarm inspection, the Fire Department Defendants failed to issue certificate of rental suitability [for] the [P]roperty and/or remove [the] yellow sign in front of the [P]roperty."  Compl. ¶ 20.  Plaintiffs claim that, "[a]s a result of Defendants' failure to issue the certification, Plaintiffs were unable to rent the [P]roperty and lost their source of income and were unable to pay the mortgage of the [P]roperty."  Compl. ¶ 21.  Plaintiffs claim that, consequently, the Property is now foreclosed and scheduled to be sold at a sheriff's sale on November 9, 2017.  Compl. ¶ 22.

Plaintiffs claim that "Defendants jointly and/or severally undertook and/or assumed a duty to Plaintiffs to render reasonable, proper, adequate, prompt care and to avoid a harm to them, which Defendants breached."  Compl. ¶ 23.  Plaintiffs claim that the "aforesaid incident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and due in no matter whatsoever to any act or failure to act on the part of the Plaintiffs."  Compl. ¶ 24.  Plaintiffs claim that "[a]ll Defendants knew or should have known that their action would harm

Plaintiffs" and that they continue to have "emotional and financial harm due to Defendants' action." Compl. ¶¶ 25–26.

## III.   STATEMENT OF THE QUESTIONS INVOLVED

**A.   WHETHER PLAINTIFFS' CLAIMS AGAINST MR. BAST SHOULD BE DISMISSED AS TIME-BARRED?**

> **Suggested Answer:   Yes.**

**B.   WHETHER PLAINTIFFS' SECTION 1983 SUBSTANTIVE DUE PROCESS CLAIMS AGAINST DEFENDANTS SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

> **Suggested Answer:   Yes.**

**C.   WHETHER PLAINTIFFS' SECTION 1983 PROCEDURAL DUE PROCESS CLAIM AGAINST DEFENDANTS SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

> **Suggested Answer:   Yes.**

**D.   WHETHER PLAINTIFFS' NEGLIGENCE CLAIMS AGAINST DEFENDANTS MUST BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

> **Suggested Answer:   Yes.**

**E.   WHETHER PLAINTIFFS' TORTIOUS INTERFERENCE WITH CONTRACT CLAIMS AGAINST DEFENDANTS MUST BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

> **Suggested Answer:   Yes.**

**F.   WHETHER MR. BAST AND MS. GEHMAN ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO ALL CLAIMS BROUGHT AGAINST THEM BY PLAINTIFFS?**

> **Suggested Answer:   Yes.**

IV.     **SUMMARY OF ARGUMENT**

The numerous deficiencies in Plaintiffs' Complaint warrant the dismissal of all claims against all Defendants with prejudice.  As an initial matter, all of Plaintiffs' claims against Mr. Bast are time-barred.  Plaintiffs have also failed to make out a *prima facie* case of a substantive or procedural due process violation against Ms. Gehman or Mr. Bast in their individual capacities.  Even if Plaintiffs had done so, Ms. Gehman and Mr. Bast are entitled to qualified immunity with respect to such claims.  The substantive and procedural due process claims against Ms. Gehman and Mr. Bast in their official capacities must be dismissed as duplicative of those identical claims against the City.  Furthermore, Plaintiffs have not alleged the existence of a policy or custom that warrants the imposition of *Monell* liability against the City as to the substantive and due process claims.

Plaintiffs' negligence and tortious interference with contract claims against the City must be dismissed because the City is entitled to immunity with respect to such claims under Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA").  Ms. Gehman and Mr. Bast are also entitled to PTSCA immunity on Plaintiffs' tort claims, as there are no allegations that these individuals acted outside of the scope of their municipal employment or acted in such a way that constituted a crime, actual fraud, actual malice, or willful misconduct.  In fact, there are no allegations at all regarding any specific act or omission by either individual.  In addition, Plaintiffs have failed to make out a prima facie case of negligence or tortious interference with contract against any Defendant.

For these reasons, this Honorable Court must grant Defendants' motion and dismiss Plaintiffs' Complaint with prejudice, as further amendment would be futile.

V.    **ARGUMENT**

A.  **Legal Standard**

In deciding whether to grant or deny a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (noting that a plaintiff's factual allegations must be enough to raise the right to relief above the speculative level).

Further, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  566 U.S. at 678.

The *Iqbal* Court went on to specifically highlight the two principles which underpinned its decision in *Twombly*.  First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific analysis, drawing on the court's judicial experience and common sense.  *Iqbal*, 556 U.S. at 678; *Fowler*, 578 F.3d at 211.  Where well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged-but has not shown-that the complainant is entitled to relief. *Iqbal*, 556 U.S. at 678.

This means that a court's inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B.   Plaintiffs' Claims Against Mr. Bast Must Be Dismissed as Time-Barred.**

As an initial matter, Plaintiffs' claims against Mr. Bast are time-barred and must be dismissed with prejudice. All claims raised by Plaintiffs in this action are governed by a two-year statute of limitations. *See Moore v. Giorla*, 302 F. Supp. 3d 700, 706 (E.D. Pa. 2018) (noting that Section 1983 claims brought in Pennsylvania courts are governed by the two year limitations period for personal injury actions); 42 Pa C.S. § 5524(2) (establishing a two-year limitations period for negligence claims); 42 Pa. C.S. § 5524(3) (establishing a two-year limitations period for tortious interference with contract claims).

Notably, the Complaint contains no allegations of specific acts or omissions by Mr. Bast. Insofar as Plaintiffs generally allege undated actions or omissions by the City's Fire Department, these alleged acts or omissions can only logically be construed to date to late 2015 or early 2016. *See* Compl. ¶ 20. The Writ, which Plaintiffs filed on July 28, 2017, only brings claims against the City and Ms. Gehman. Plaintiffs did not name Mr. Bast as a party to this action until filing the Complaint on August 6, 2018. Plaintiffs did not serve Mr. Bast with the Complaint until January 16, 2019, two days after reinstating the Complaint. As more than two years passed

between any potential act or omission by Mr. Bast and the filing of the Complaint, any claims brought against him in the Complaint are time-barred and must be dismissed with prejudice.

### C. **Plaintiffs' Section 1983 Due Process Claims Must Be Dismissed for Failing to State a Claim Upon Which Relief Can Be Granted.**

In Count I of the Complaint, Plaintiffs bring Section 1983 claims against all Defendants based on an alleged deprivation of their substantive due process rights.  In Count II of the Complaint, Plaintiffs bring Section 1983 claims against all Defendants based on an alleged deprivation of their procedural due process rights.  These claims must be dismissed for failing to state a claim upon which relief can be granted against Defendants.

#### 1. **Ms. Gehman and Mr. Bast**

##### a. **Official Capacity**

As an initial matter, Plaintiffs' Section 1983 due process claims against Ms. Gehman and Mr. Bast in their official capacities must be dismissed with prejudice.  It is well-established that a "suit against a city official named in his or her official capacity is a suit against the entity he or she represents."  *Estate of Tyler ex rel. Floyd v. Grossman*, 108 F. Supp. 3d 279, 289 (E.D. Pa. 2015) (citing *Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.")).  "[B]ecause claims against individual defendants in their official capacities are equivalent to claims against the governmental entity itself, they are redundant and may be dismissed."  *Burton v. City of Philadelphia*, 121 F. Supp. 2d 810, 812 (E.D. Pa. 2000) (citing *Hafer*, 502 U.S. at 25 (noting that Section 1983 claims against government officials in their official capacity should be treated as claims against the governmental entity)).  As Plaintiffs' Section 1983 due process claims against Ms. Gehman and Mr. Bast in their official capacities are, in fact, claims against the City, they must be dismissed

with prejudice as redundant.  In addition, as discussed more fully below, there are no factual allegations to support the existence of a policy or custom to support *Monell* liability against the City and, in turn, Ms. Gehman and Mr. Bast, with respect to Plaintiffs' Section 1983 due process claims.  Accordingly, for the foregoing reasons, Plaintiffs' Section 1983 due process claims against Ms. Gehman and Mr. Bast in their official capacities must be dismissed with prejudice.

### b. <u>Substantive Due Process</u>

Plaintiffs have also failed to advance factual allegations to establish a *prima facie* substantive due process violation against Ms. Gehman and/or Mr. Bast in their individual capacities.  These claims, therefore, must be dismissed with prejudice.

Substantive due process protects rights "which are so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Zellner v. Monroe Cnty. Mun. Waste Mgmt. Auth.*, 2008 WL 2962595, at *6 (M.D. Pa. July 28, 2008).  To establish a Fourteenth Amendment substantive due process claim for non-legislative action, Plainitffs must prove deprivation of a fundamental property interest protected under the Fourteenth Amendment. *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000) (citing *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d Cir. 2000)).  The primary protection of a property interest is a procedural due process claim.  *Nicholas*, 227 F.3d at 139.  A deprivation that is legal under procedural due process may violate the substantive component of the Due Process Clause if the deprivation was deliberate and arbitrary.  *Id.*

"[I]n a due process challenge to [non-legislative] action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847, n. 8

(1998).  Negligent conduct does not meet this threshold and, accordingly, does not qualify as a constitutional due process violation.  *Id.* at 849.

The  Complaint  is  deficient  in  several  respects  regarding  Plaintiffs'  substantive  due process claims.   As an initial matter, rather than identifying the constitutionally-protected fundamental property interest that Ms. Gehman and/or Mr. Bast allegedly violated, Plaintiffs generally point to their "legal and long-standing Constitutional rights, including their rights under the Fifth and Fourteenth Amendments of the United States Constitution."  Compl. ¶ 29. Plaintiffs' failure to allege the requisite protected fundamental property interest warrants the dismissal of their substantive due process claims.  *See Moyer v. Borough of North Wales*, 2000 WL 1665132, at * 3 (E.D. Pa. Nov. 7, 2000) ("Plaintiff's claim fails because she does not allege a deprivation of a legally protected . . . property interest.  Accordingly, Plaintiff may not sustain any claims under the Fourteenth Amendment."); *see also Doe v. SEPTA*, 886 F. Supp. 1186, 1193 (E.D. Pa. 1994) (granting summary judgment against a plaintiff for failing to allege any liberty or property interest of which defendants' actions deprived the plaintiff).

In addition, Plaintiffs have not alleged any specific act or omission by Ms. Gehman and/or Mr. Bast that violated their unidentified fundamental property interest.   *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.").   "Because vicarious liability is inapplicable, 'a plaintiff must  plead  that  each  Government-official  defendant,  through  the  official's  own  individual actions, has violated the constitution.'"  *Acosta v. Democratic City Comm.*, 288 F. Supp. 3d 597, 636 (E.D. Pa. 2018) (quoting *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011)).  "The government official 'must have had some sort of personal involvement in the

alleged unconstitutional conduct' to be held liable." *Acosta*, 288 F. Supp. 3d at 636 (quoting *Argueta*, 643 F.3d at 71). As Plaintiffs have failed to allege any personal involvement[2] by Ms. Gehman and/or Mr. Bast with respect to any alleged act and/or omission that allegedly deprived them of their unidentified fundamental property interest, these claims must also be dismissed with prejudice. *See*, *e.g.*, *Acosta*, 288 F. Supp. 3d at 638 (dismissing Section 1983 claims against defendant where the complaint failed to include any facts showing personal involvement); *Smith v. City of Philadelphia*, 2017 WL 277570, at *6 (dismissing Section 1983 claims against defendants where the complaint failed to include any facts showing personal involvement).

Finally, given Plaintiffs' failure to allege any constitutionally-protected fundamental property interest and any specific act or omission by Ms. Gehman and/or Mr. Bast that violated that interest, it follows that there are no allegations to support a finding that any alleged act or omission by Ms. Gehman and/or Mr. Bast was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847, n. 8. The Third Circuit has held that to establish a violation of substantive due process rights, the action alleged must be "so ill-conceived or malicious that it shocks the conscience." *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999). This standard of culpability exceeds "both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed 'shocks the conscience.'" *Id.* It "encompasses '*only the most egregious official conduct*.'" *United Artists Theatre Circuit, Inc. v. Tp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003) (quoting *Lewis*, 523 U.S. at 846) (emphasis added). "[U]nder this standard, officials will not be held

---

[2] "Allegations of personal involvement can be shown through actual knowledge and acquiescence, *pled with particularity*." *Acosta*, 288 F. Supp. 3d at 637 (emphasis added). "A supervisor also can be held liable if he 'implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employee corrective practices is a cause of this unconstitutional conduct.'" *Id.* (quoting *Argueta*, 643 F.3d at 72). The Complaint is devoid of any allegations to this effect regarding Ms. Gehman and/or Mr. Bast.

liable for actions that are merely negligent." *Miller*, 174 F.3d at 375.  Rather than alleging facts regarding conduct that meets this high threshold, Plaintiffs merely recite boilerplate "magic words" that amount to nothing more than conclusions of law.  *See* Compl. ¶ 30.  As such, Plaintiffs have failed to establish a *prima facie* substantive due process claim against Ms. Gehman and Mr. Bast which, in turn, warrants the dismissal of these claims with prejudice.

### c.  Procedural Due Process

In addition, Plaintiffs have failed to advance factual allegations to establish a *prima facie* procedural due process violation against Ms. Gehman and/or Mr. Bast in their individual capacities.  These claims, therefore, must be dismissed with prejudice.

To establish a Section 1983 procedural due process claim, Plaintiffs must show: (1) they possessed a life, liberty, or property interest within the meaning of the Fourteenth Amendment and (2) they did not have procedures available to them that would provide them with "due process of law."  *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984).  "Procedural due process requires that a governmental deprivation of a protected interest be preceded by notice and an opportunity to be heard."  *Bullard v. City of Philadelphia*, 847 F. Supp. 2d 711, 718 (E.D. Pa. 2012).  "The fundamental requirement of [procedural] due process is the opportunity to be heard at a meaningful time in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

The Complaint is also deficient in several critical respects regarding Plaintiffs' procedural due process claims.  Once more, Plaintiffs fail to identify the property interest[3] that Ms. Gehman and/or Mr. Bast allegedly violated, instead generally pointing to their "legal rights and interests related to and/or held within the [P]roperty" and their "legal rights and interests

protected by the Fifth and Fourteenth Amendments of the United States Constitution . . . ." Compl. ¶¶ 34, 36.  As was the case for their substantive due process claims, Plaintiffs' failure to allege the requisite protected property interest requires this Honorable Court to dismiss their procedural due process claims.  *See*, *e.g.*, *Moyer*, 2000 WL 1665132, at *3 ("Plaintiff's claim fails because she does not allege a deprivation of a legally protected . . . property interest. Accordingly, Plaintiff may not sustain any claims under the Fourteenth Amendment."); *Doe*, 886 F. Supp. at 1193 (granting summary judgment for plaintiff's failure to allege any protected interest that defendants' actions deprived the plaintiff of).

Also, contrary to the allegations in the Complaint, the City Code provides a mechanism for Plaintiffs to challenge Defendants' alleged "failure to proper procedure and reinspect Plaintiffs' property." Compl. ¶ 35.  In particular, Section 456-19(G)(1) of the Code, a true and correct copy of which is attached hereto as "Exhibit A," allows any person affected by a decision of a City Code Enforcement Officer to appeal to the City's Property Maintenance Board of Appeals.

Finally, and most crucially, Plaintiffs have again failed to allege any specific act or omission by Ms. Gehman and/or Mr. Bast that violated any purported property interest. Plaintiffs have failed to plead that these individuals, through their own individual actions, have violated the Constitution.  *See Acosta*, 288 F. Supp. 3d at 636. (E.D. Pa. 2018).  In light of this failure, Plaintiffs' Section 1983 procedural due process claims against Ms. Gehman and/or Mr. Bast must be dismissed with prejudice.  *See*, *e.g.*, *Acosta*, 288 F. Supp. 3d at 638 (dismissing Section 1983 claims against defendant where the complaint failed to include any facts showing

---

[3] For purposes of the procedural due process inquiry, this Honorable Court must look to state law to determine whether a property interest exists.  *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).

personal involvement); *Smith*, 2017 WL 277570, at *6 (dismissing Section 1983 claims against defendants where the complaint failed to include any facts showing personal involvement).

### d.  Qualified Immunity

Assuming, solely for the purposes of argument, that this Honorable Court does not dismiss Plaintiffs' Section 1983 due process claims against Ms. Gehman and Mr. Bast for the reasons set forth above, these individuals are entitled to qualified immunity as to such claims.

The doctrine of qualified immunity protects government officials performing discretionary functions so long as their conduct does not violate established constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "A court required to rule upon the qualified immunity issue must consider, then, whether the facts, taken in the light most favorable to the party asserting the injury, show the official's conduct violated a constitutional right.  If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.  On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.  Sa*ucier v. Katz*, 533 U.S. 194, 201–02 (2001); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (noting that courts are not required to analyze qualified immunity cases in any particular order).

The second step is the more intricate of the two.  For a right to be "clearly established" for purposes of the qualified immunity analysis, "the contours of the right must be sufficiently clear such that a reasonable official would understand that what he is doing violates that right." *Hughes v. Shestakov*, 2002 WL 1742666, at *4 (E.D. Pa. July 22, 2002).  The analysis of whether a right was "clearly established" "must be undertaken in light of the specific context of the case, not as a broad general proposition."  *Curley v. Klem*, 499 F.3d 199, 207 (3d Cir. 2007)

14

(quoting *Saucier*, 533 U.S. at 201).  Tellingly, "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law."  *Id.* at 206 (citation omitted).

The constitutional claims alleged by Plaintiffs are not so "clearly established" as to prevent Ms. Gehman and Mr. Bast from being entitled to qualified immunity.  Plaintiffs' due process claims are predicated upon the alleged failure to "re-inspect" the Property and/or issue a rental certificate for the Property.  There does not appear to be any cases that have indicated that the complained-of conduct implicates Plaintiffs' constitutional rights in any way.

In light of the foregoing, it is eminently reasonable that, when faced with the facts of this matter, Ms. Gehman and/or Mr. Bast, were not aware of any potential violation of Plaintiffs' constitutional rights.  To this end, there are no allegations regarding their personal involvement in any alleged due process violation.  As such, Ms. Gehman and Mr. Bast are entitled to qualified immunity and must have all constitutional claims against them dismissed with prejudice.

### 2.  City of Easton

Although "municipalities and other local governmental units [are] included among those persons to whom § 1983 applies," it is well-established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).  The liability of a municipality under Section 1983 is governed by *Monell*.  *See*, *e.g.*, *Seagraves v. Philadelphia Police Dep't*, 2016 WL 2735679, at *2 (E.D. Pa. May 11, 2016). "[C]ourts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom."  *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013); *see also Bellmon v. City of Philadelphia*, 895 F. Supp. 2d 659, 663 (E.D. Pa. 2012) ("In a § 1983 suit against a municipality, the municipality may only be liable if the allegedly unconstitutional action 'implements or executes a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Such actions can take two forms: an official policy or a custom or usage.").  "The municipal policy or custom must be the 'moving force' behind the constitutional violation such that there is a direct link between the municipal policy or custom and the deprivation of constitutional rights." *McLaughlin v. Cunningham*, 2014 WL 1225935, at *9 (E.D. Pa. Mar. 25, 2014) (citing *Sullivan v. Warminster Twp.*, 765 F. Supp. 2d 687, 703 (E.D. Pa. 2011)).

To survive a motion to dismiss, "a *Monell* claim must do more than make 'conclusory and general claims . . . .'" *Seagraves*, 2016 WL 2735679, at *2 (quoting *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014)); *see also Winslow v. Borough of Malvern*, 2009 WL 4609590, at *6 (E.D. Pa. Dec. 7, 2009) (noting that to establish a *Monell* claim against a municipality, a plaintiff must show "(1) the existence of a custom or policy of the municipality and (2) that the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy.").  "Simply paraphrasing § 1983 . . . fails to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *Seagraves*, 2016 WL 2735679, at *2.

As detailed more fully above, Plaintiffs' Section 1983 due process claims against Easton fail as a matter of law because they have failed to set forth plausible facts which establish a violation of their substantive and/or procedural due process rights.  Even if, assuming solely for the sake of argument, Plaintiffs had stated a substantive and/or procedural due process claim under Section 1983, they have failed to allege facts that establish: (1) the existence of a municipal custom, (2) the existence of a municipal policy, or (3) that Easton's employees violated their civil rights while acting pursuant to a custom or policy.

Plaintiffs have not alleged any facts that establish the existence of a policy.  "Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict."  *Mulholland*, 706 F.3d at 237. There are no allegations in the Amended Complaint regarding any City employee, let alone a decisionmaker possessing final authority to establish municipal policy,[4] issuing an official proclamation, policy, or edict.  Although a single act can establish a municipal policy if it was done pursuant to the direction of an official responsible for making policy in that area, *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988), Plaintiffs have not made any factual allegations that support or establish the existence of a municipal policy on this basis. Accordingly, Plaintiffs have failed to allege facts that show the existence of a municipal policy.

Similarly, Plaintiffs have not alleged any facts that establish the existence of a municipal custom.  "A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well-settled as to virtually constitute law." *Mulholland*, 706 F.3d at 237.  The Complaint is devoid of any factual allegations regarding any course of conduct by Ms. Gehman, Mr. Bast, or any other City employee.  Accordingly, Plaintiffs have also failed to allege facts that show the existence of a municipal custom.

Finally, Plaintiffs have failed to advance any factual allegations that would suggest that any alleged violation of their substantive due process rights under Section 1983 was the result of Ms. Gehman, Mr. Bast, or any other Easton employee acting pursuant to a municipal custom or policy.  *See McLaughlin*, 2014 WL 1225935, at *9 (noting that "[t]he municipal policy or custom must be the 'moving force' behind the constitutional violation . . . .").

---

[4] Plaintiffs have not even attempted to set forth plausible facts which show that Ms. Gehman or Mr. Bast was a "final policymaker" for Easton.

As Plaintiffs have failed to advance factual allegations that suggest or show the existence of a municipal policy or custom that lead to the alleged violation of their civil rights or that any Easton employee acted in accordance with such a policy or custom, their *Monell* claim against Easton fails as a matter of law.  Accordingly, Plaintiffs' Section 1983 substantive due process claim against the City in Count I of the Complaint must be dismissed with prejudice.

### D.   Plaintiffs' Negligence Claims Must Be Dismissed for Failing to State a Claim Upon Which Relief Can Be Granted.

In Count III of the Complaint, Plaintiffs bring negligence claims against all Defendants based on Defendants' alleged failure to "render proper services to Plaintiffs in accordance to the standard of care required," which is unidentified.  *See* Compl. ¶¶ 37–38.  These claims must be dismissed for failing to state a claim upon which relief can be granted against Defendants.

#### 1.   City of Easton

Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S. § 8541 *et seq.*, provides broad immunity to the City against tort claims, such as negligence.  The PTSCA grants governmental immunity to local agencies, including municipalities, against claims for damages on account of any injury to a person or to property by their own acts or their employees' acts, subject to eight exceptions.[5] *Randall v. City of Philadelphia*, 2014 WL 4105984, at *9 (E.D. Pa. Aug. 20, 2014) (citing 42 Pa C.S. § 8541).  Furthermore, a local agency is also immune under the PSTCA from liability for its own acts or its employees' acts that constitute "a crime, actual fraud or willful misconduct." 42 Pa C.S. § 8542(a)(2) (emphasis added); *see also Panas v. City of Philadelphia*, 871 F. Supp. 2d 370, 375 (E.D. Pa. 2012) ("[The PSTCA] shields local government entities from liability for the intentional torts of their

---

[5] The PTSCA provides that a local agency may be liable for negligent acts with respect to: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and

employees."); *Holmes v. City of Philadelphia*, 2005 WL 1875524, at *3 (E.D. Pa. Aug. 4, 2005) (recognizing that the PSTCA "expressly bars recovery against a municipality for intentional torts, including any acts which constitute 'a crime, actual fraud, actual malice, or willful misconduct.'") (emphasis added).

As Count II attempts to state a claim for negligence against the City, which does not fall within the exceptions to immunity that the PTSCA affords to the City, this Honorable Court must dismiss Plaintiffs' negligence claim against the City with prejudice.

### 2.  Ms. Gehman and Mr. Bast

#### a.  Immunity

Plaintiffs' negligence claims against Ms. Gehman and Mr. Bast must also be dismissed with prejudice due to the immunity afforded to these individuals under the PTSCA.  The PTSCA grants employees of local agencies, including municipalities, the same immunity enjoyed by their employer so long as the employee was acting within the scope of their employment.  *M.U. v. Downingtown High School East*, 103 F. Supp. 3d 612, 630 (E.D. Pa. 2015); *see also* 42 Pa. C.S. § 8545 ("An employee of a local agency is liable for civil damages in account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.").  A local agency employee, however, does not enjoy this immunity if "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct."[6]  42 Pa. C.S. § 8550.

---

street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.  42 Pa C.S. § 8542(b).

[6] "Willful misconduct in this context has the same meaning as the term intentional tort."  *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 214 (3d Cir. 2001).

There are no factual allegations in the Complaint that suggest that Ms. Gehman and/or Mr. Bast acted outside of the scope of their employment at any time or that one or both individuals acted in a way that constituted a crime, actual fraud, actual malice, or willful misconduct.  Indeed, Plaintiffs' attempt to advance boilerplate conclusions that Defendants acted with "reckless indifference to the consequences of their actions," Compl. ¶ 42, is insufficient to overcome the immunity Ms. Gehmand and Mr. Bast enjoy under the PTSCA.  *See Bright v. Westmoreland County*, 443 F.3d 276, 287 (3d Cir. 2006) ("Thus, even where a public employee acts with a degree of culpability equivalent to 'recklessness,' Pennsylvania law nevertheless affords him immunity.")  Therefore, because Plaintiffs' negligence claims against Ms. Gehman and Mr. Bast do not fall within any exception to immunity that the PTSCA affords to them, this Honorable Court must dismiss such claims with prejudice.

### b. *Prima Facie* Case

Even if, assuming solely for the sake of argument, this Honorable Court determines that Ms. Gehman and/or Mr. Bast are not entitled to the dismissal of Plaintiffs' negligence claims against them based on immunity grounds, it must dismiss such claims due to Plaintiffs' failure to state a *prima facie* case of negligence.

To state a claim for negligence under Pennsylvania law, Plaintiffs must allege facts sufficient to show: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff.  *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (listing elements of negligence claim under Pennsylvania law).  Plaintiffs have failed to allege facts sufficient to establish multiple elements of their *prima facie* case.

First, Plaintiffs have failed to allege facts sufficient to show what duty of care was owed to them by Ms. Gehman and/or Mr. Bast or how these individuals breached the duty that was owed. Instead, Plaintiffs merely allege that Defendants "owed [them] a duty of care" and "failed to render proper services to Plaintiffs in accordance to the standard of care required." Compl. ¶¶ 38–39. Second, Plaintiffs have not alleged any facts that suggest a causal connection between any alleged act or omission by Ms. Gehman and/or Mr. Bast and the alleged injury suffered by Plaintiffs. Again, Plaintiffs advance only boilerplate allegations that, "[a]s a direct and proximate result of Defendnats' action, Plaintiffs were harmed and suffered significant damages, as well as other consequential and incidental damages." Compl. ¶ 40. As detailed more fully above, Plaintiffs have failed to allege any specific act or omission (*i.e.*, personal involvement) by Ms. Gehman or Mr. Bast.

Based on the foregoing deficiencies in the Complaint, this Honorable Court must dismiss Plaintiffs' negligence claims against Ms. Gehman and Mr. Bast with prejudice for failing to state a valid claim upon which relief can be granted.

### E. Plaintiffs' Tortious Interference With Contract Claims Must Be Dismissed for Failing to State a Claim Upon Which Relief Can Be Granted.

In Count IV of the Complaint, Plaintiffs bring tortious interference with contract claims against all Defendants based on Defendants' "tortious interference with Plaintiffs' [P]roperty." *See* Compl. ¶¶ 30.[7] These claims must be dismissed for failing to state a claim upon which relief can be granted against Defendants.

#### 1. City of Easton

Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S. § 8541 *et seq.*, provides broad immunity to the City against tort claims, such as tortious interference with

contract.  The PTSCA grants governmental immunity to local agencies, including municipalities, against claims for damages on account of any injury to a person or to property by their own acts or their employees' acts, subject to eight exceptions. *Randall*, 2014 WL 4105984, at *9 (citing 42 Pa C.S. § 8541).  Furthermore, a local agency is also immune under the PSTCA from liability for its own acts or its employees' acts that constitute "a crime, actual fraud or willful misconduct." 42 Pa C.S. § 8542(a)(2) (emphasis added); *see also Panas*, 871 F. Supp. 2d at 375 ("[The PSTCA] shields local government entities from liability for the intentional torts of their employees."); *Holmes*, 2005 WL 1875524, at *3 (recognizing that the PSTCA "expressly bars recovery against a municipality for intentional torts, including any acts which constitute 'a crime, actual fraud, actual malice, or willful misconduct.'") (emphasis added).

As Count II attempts to state a claim for tortious interference with contract against the City, which does not fall within the exceptions to immunity that the PTSCA affords to the City, this Honorable Court must dismiss Plaintiffs' negligence claim against the City with prejudice.

**2.  Ms. Gehman and Mr. Bast**

**a.  Immunity**

Plaintiffs' tortious interference with contract claims against Ms. Gehman and Mr. Bast must also be dismissed with prejudice due to the immunity afforded to these individuals under the PTSCA.  The PTSCA grants employees of local agencies, including municipalities, the same immunity enjoyed by their employer so long as the employee was acting within the scope of their employment.  See *M.U.*, 103 F. Supp. 3d at 630; *see also* 42 Pa. C.S. § 8545 ("An employee of a local agency is liable for civil damages in account of any injury to a person or property caused by

---

[7] The allegations regarding Count IV are numbered in paragraphs 27 through 30, which follow the allegations regarding Count III, which are numbered in paragraphs 37 through 42.

acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.").

There are no factual allegations in the Complaint that suggest that Ms. Gehman and/or Mr. Bast acted outside of the scope of their employment at any time or that one or both individuals acted in a way that constituted a crime, actual fraud, actual malice, or willful misconduct.  *See* 42 Pa. C.S. § 8550 (noting that municipal employees do not enjoy immunity under the PTSCA if "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct."). Plaintiffs have not alleged facts suggesting that Ms. Gehman and/or Mr. Bast engaged in any specific act or omission (*i.e.*, personal involvement) or that they "desired to bring about the result that followed" such alleged conduct.  *See Bright*, 443 F.3d at 287.  Therefore, because Plaintiffs' tortious interference with contract claims against Ms. Gehman and Mr. Bast do not fall within any exception to immunity that the PTSCA affords to them, this Honorable Court must dismiss such claims with prejudice.

### b. *Prima Facie* Case

Even if, assuming solely for the sake of argument, this Honorable Court determines that Ms. Gehman and/or Mr. Bast are not entitled to the dismissal of Plaintiffs' tortious interference with contract claims against them based on immunity grounds, it must dismiss such claims due to Plaintiffs' failure to state a *prima facie* case of tortious interference.

To state a claim for intentional interference with contractual relations under Pennsylvania law, Plaintiffs must allege facts sufficient to show: (1) the existence of a contractual relationship; (2) the defendant's intent to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege for such interference; and (4) damages resulting from the defendant's

actions.  *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.,* 140 F.3d 494, 530 (3d Cir. 1998); *Triffin v. Janssen,* 426 Pa. Super. 57, 626 A.2d 571, 574 (Pa. Super. 1993).  Plaintiffs have failed to allege facts sufficient to establish multiple elements of their *prima facie* case.

First, Plaintiffs have failed to allege facts sufficient to show the existence of a contract between themselves and any actual or prospective third party.  Instead, they merely allege that they have "a valid and enforceable right in their [P]roperty" and that Defendants tortuously interfered with Plaintiffs' Property.  Compl. ¶¶ 28, 30.  Second, even if Plaintiffs had sufficiently alleged the existence of a contractual relationship, they have not alleged any facts that indicate that Ms. Gehman and/or Mr. Bast intended to harm Plaintiffs by interfering with that contract.  Indeed, Plaintiffs have not even attempted to advance legal conclusions masked as factual allegations to this effect.  Nor could Plaintiffs meet this burden, as they have failed to allege any specific act or omission (*i.e.*, personal involvement) by Ms. Gehman or Mr. Bast.

Based on the foregoing deficiencies in the Complaint, this Honorable Court must dismiss Plaintiffs' tortious interference with contract claims against Ms. Gehman and Mr. Bast with prejudice for failing to state a valid claim upon which relief can be granted.

## VI.   <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request that this Honorable Court grant their motion and dismiss Plaintiffs' Complaint with prejudice, as further amendment would be futile.

**NORRIS MCLAUGHLIN, P.A.**

By: *  /s/ Steven E. Hoffman*
    Steven E. Hoffman, Esquire
    Attorney I.D. No. PA 63911
    John J. Buckley, Esquire
    Attorney I.D. No. PA 317945
    515 W. Hamilton St., Suite 502
    Allentown, PA 181011
    Ph# 610-391-1800 Fax #610-391-1805
    Email:  shoffman@norris-law.com
    *Attorneys for Defendants*