# EXHIBIT A

City of Easton, PA
Wednesday, February 13, 2019

# Chapter 456. Rental Property

# Article III. Licensing and Inspection of Residential Rental Property

# § 456-19. Failure to register or obtain a license and nonrenewal or revocation of license.

A. General. A Code Enforcement Officer may initiate the following enforcement actions against an owner for violating any provision of this article that imposes a duty upon the owner and/or for failing to regulate the breach of duties by occupants as provided for herein.

B. Responses to violations of this article and other City codes.

   (1) Notice of violations. At the time of the initial inspection, the Code Enforcement Officer shall provide to the owner or manager the written notification of violations of City codes and require that violations be corrected within a reasonable maximum time period as established by the Code Enforcement Officer.
   [Amended 7-11-2018 by Ord. No. 5647]

   (a) A Code Enforcement Officer may determine that the rental unit is unfit for human habitation, in which case it shall be vacated and remain vacated until such situation is corrected.

   (b) For serious violations that do not require the property to be immediately vacated, a Code Enforcement Officer may require that the violations be corrected within 24 hours or another time period stated on the notice.

   (2) Nonrenewal. A Code Enforcement Officer shall delay or deny the renewal of a residential rental license if there are outstanding violations of City codes for that rental unit that have not been corrected at the time of license renewal. If the violations are not a threat to the safety of occupants or other members of the public, a Code Enforcement Officer shall permit the current occupants to continue to reside in the premises for a reasonable period of time established by a Code Enforcement Officer in the notice of nonrenewal, with the time limit removed when the violations of City codes are corrected.

   (3) Revocation. The immediate revocation of the license to rent a regulated rental unit shall occur if a Code Enforcement Officer determines that violations of City codes present a threat to the safety of occupants or other members of the public. Such revocation shall occur until violations of City codes are corrected and the property has been reinspected. Upon revocation, the owner shall take immediate steps to evict the occupants and/or to locate alternative housing for the occupants.

   (a) A Code Enforcement Officer may revoke the license to rent a regulated rental unit if the owner or his/her designated manager are not available or do not respond to contacts by a Code Enforcement Officer, or if the name and contact information for the owner or manager are no longer valid, or if the manager no longer represents the owner.

  (b) A Code Enforcement Officer may revoke the license to rent a regulated rental unit if there are overdue real estate taxes, water, sewage and garbage/rubbish collection fees that are owed to the City of Easton or its authorities or assignees or lessees.
[Added 7-11-2018 by Ord. No. 5647]

 (4) Reinstatement. A residential rental license shall be reinstated if the owner of a regulated rental unit corrects the reason for the revocation of the residential rental license and has paid the residential rental license reinstatement fee.

C. Criteria for applying penalties.

 (1) The Code Enforcement Officer, when deciding upon the penalties provided in this article, shall consider the following:

  (a) The effect of the violation on the health and safety of occupants of the regulated rental unit, other residents of the premises, and neighboring residents.

  (b) Whether the owner has prior violations of this article and whether those violations were satisfactorily corrected in a timely manner.

  (c) The effect of penalties upon the occupants, particularly when the occupants did not cause the violation.

  (d) The actions taken by the owner to remedy the violation and to prevent future violations, including any written plan submitted by the owner and good faith efforts of the owner to bring the property into compliance.

D. In addition to enforcing penalties set forth above, a Code Enforcement Officer may establish reasonable conditions upon a residential rental license that will fulfill the purposes of this article.

E. Grounds for imposing penalties. Any of the following may subject an owner to penalties as provided for in this article:

 (1) Failure to register a residential rental unit by the date as set forth in this article.

 (2) Failure to abate a violation of City codes and ordinances that apply to the premises within the time directed by the Code Enforcement Officer.

 (3) Refusal to permit the inspection of the premises by a Code Enforcement Officer as required by this article.

 (4) Failure to take steps to remedy and prevent violations of this article by occupants of regulated rental units as required by this article.

 (5) Failure to evict occupants after having been directed to do so by a Code Enforcement Officer as provided for in this article.

F. Notifications for failure to register a residential rental unit or to be granted a license and nonrenewal or revocation of license. Following a determination that a residential rental unit has not been registered or that grounds for not granting a license, nonrenewal or revocation of a license exist, a Code Enforcement Officer shall notify the owner or manager of the action to be taken and the reason therefor.

 (1) Such notification shall be in writing, addressed to the owner or manager in question, sent by certified mail, and shall contain the following information:

  (a) The address of the premises in question and identification of the affected regulated rental unit(s).

  (b) A description of the violation which has been found to exist.

  (c) A statement that the residential rental unit has not been registered, or that the license for said residential rental unit(s) will not be granted, shall be revoked, or will not be renewed for the next license.

  (d) Time deadlines shall be provided in the notice.

  (e) Information regarding the appeal process.

(2) The City shall not be responsible for failing to provide notice where the owner has not provided an up-to-date name and address for the owner or the manager for the rental unit.

(3) For purposes of this article, any notice required hereunder to be given to a manager shall be deemed as notice given to the owner.

(4) There shall be a presumption that any notice required to be given to the owner under this article shall have been received by such owner if the notice was given to the owner in the manner provided by this article.

(5) A claimed lack of knowledge by the owner of any violation hereunder cited shall not be a defense to rental license nonrenewal, suspension or revocation or an eviction order as long as all required notices involving such proceedings have been sent to the last known address of the owner.

  (a) In the event that the notice is returned by the postal authorities marked "unclaimed" or "refused," then the Code Enforcement Officer shall post the notice at a conspicuous place on the premises.

G. Appeals.

(1) Any person affected by a decision, notice or order of a Code Enforcement Officer under this article shall have the right to appeal to the City of Easton Property Maintenance Board of Appeals. An application for appeal may be made when it is claimed that the provisions of this article have been improperly applied or administered or that factual errors were made by the Code Enforcement Officer, or for such other grounds under this article as the applicant may allege. A written application for appeal is required to be filed within 10 days after the day the decision, report, notice or order was received or served. A fee as specified in Chapter **285**, Fees, shall be paid in advance by the person requesting the hearing for each appeal to the Property Maintenance Board of Appeals.
[Amended 2-11-2009 by Ord. No. 5180; 9-13-2017 by Ord. No. 5602]

(2) The Property Maintenance Board of Appeals shall also hear all appeals of enforcement matters under the City of Easton's Property Maintenance Code. The appeal provisions in such code are hereby included by reference.
[Amended 9-13-2017 by Ord. No. 5602]

(3) The Property Maintenance Board of Appeals is hereby established and shall consist of five members who are appointed by the Mayor of Easton, with confirmation required by City Council. No more than two members shall be employees of the City of Easton. A minimum of one member shall own rental housing in the City of Easton. The members shall serve staggered three-year terms, with at least one term ending each year.

  (a) A minimum of three votes shall be needed in any action by the Board. A two-to-two vote shall be considered to have been an affirmation of the determination of the Code Enforcement Officer.
[Amended 5-14-2008 by Ord. No. 5091]

  (b) Two alternate members of the Property Maintenance Board of Appeals may also be appointed by the Mayor, who may be named by the Chairman of the Board to serve when regular members are unable to serve.

  (c) Decisions of the Property Maintenance Board of Appeals may be appealed to the Court of Common Pleas, provided a notice of appeal is filed in writing with the City's Solicitor's office within 30 days after a party's receipt of the decision of the Property Maintenance Board of Appeals.

  (d) The Property Maintenance Board of Appeals shall have the authority to elect its own officers and to establish and revise bylaws for its own procedures, actions and meetings.

  (e) Decisions of the Property Maintenance Board of Appeals shall be provided in writing to the Chief Codes Enforcement Administrator and to the last known address of the owner, the manager, if applicable, and the affected occupant within 10 days after the conclusion of a hearing on a matter.

  (f) Any compensation for the members of the Property Maintenance Board of Appeals shall require approval by City Council.

  (g) A stenographic record is not required for meetings of the Property Maintenance Board of Appeals. Minutes shall be maintained, and a tape recording of meetings may occur.

(4) Other boards. The City of Easton Board of Health shall continue to hear appeals concerning health regulations. The City of Easton Zoning Hearing Board shall continue to hear appeals concerning the Zoning Ordinance. The City of Easton Code Board of Appeals shall continue to hear appeals as provided in Chapter **245**, Article **II**, Uniform Construction Codes, of the Code of the City of Easton.