UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| EDGAR RIVEROS-SANCHEZ and MARIA RIVEROS-SANCHEZ, Plaintiffs, | : : : : : | |
| v. | : : | No. 19-cv-545 |
| CITY OF EASTON; ELIZABETH GEHMAN; and JOHN BAST, Defendants. | : : : : : : | |

**O P I N I O N**
Defendants' Motion to Dismiss, ECF No. 4—Granted

**Joseph F. Leeson, Jr.**                                                                **July 25, 2019**
**United States District Judge**

### I. INTRODUCTION

Plaintiffs Edgar and Maria Riveros-Sanchez own a residential rental property in Easton, Pennsylvania. After an inspection by city officials revealed that the property lacked a fire alarm system, the City of Easton required Plaintiffs to install a fire alarm before they would be permitted to rent the property. According to Plaintiffs, they installed an alarm as required and passed a City inspection; however, the City never issued a certificate of rental suitability. As a result, Plaintiffs could not rent their property and defaulted on their mortgage, and the property was scheduled for foreclosure sale. Plaintiffs brought this civil rights action against the City, the chief of the fire department, and rental housing inspector, alleging violations of substantive and procedural due process rights and various state law tort claims. Defendants moved to dismiss. For the reasons discussed below, the motion is granted.

## II. BACKGROUND

Plaintiffs allege that this action arises from the "unlawful condemnation" of their property located at 723 Washington Street in Easton, Pennsylvania. Complaint ¶ 6, ECF No. 1. Plaintiffs allege that they bought the multiunit property in 2003 and rented it to various tenants over the next several years. Compl. ¶¶ 8–9. In August 2014, they applied for a renewal of their rental registration, which was granted. Compl. ¶ 10.

Plaintiffs allege that around July 28, 2015, an inspection by the License and Inspection Department of the Defendant City of Easton forced their tenants to vacate the property after the inspectors determined that the Plaintiffs had not installed a fire alarm system as required. Compl. ¶¶ 11–13. Plaintiffs worked with Tyco Fire Alarm System to install a fire alarm in the fall of 2015; Plaintiffs' account executive from Tyco sent an email to Defendant Elizabeth Gehman, a rental housing inspector for the City of Easton, to inform the City of the installation. Compl. ¶¶ 14-15.

On December 3, 2015, Plaintiffs' property manager sent an e-mail to Gehman to schedule an appointment to inspect the property. Compl. ¶ 16. The next day, the property manager "communicated with" the City and Gehman to inform them that a new alarm system had been installed and to request a re-inspection of the property. Compl. ¶ 17. The property passed the fire alarm inspection with the City's Codemaster, who separately reported the result of the inspection to the City. Compl. ¶ 18.

Gehman confirmed by e-mail on December 22 that the City had Plaintiffs' "document on their file showing that they passed the inspection." Compl. ¶ 19. However, the "Fire Department Defendants" did not issue a certificate of rental suitability for the property. Compl. ¶ 20. Plaintiffs claim that, "[a]s a result of Defendants' failure to issue the certification, Plaintiffs were unable to rent the [P]roperty and lost their source of income and were unable to pay the mortgage

2
072519

of the [P]roperty." Compl. ¶ 21. Plaintiffs claim that, consequently, the property was foreclosed and scheduled to be sold at a sheriff's sale on November 9, 2017. Compl. ¶ 22.

Plaintiffs filed a complaint in the Court of Common Pleas of Northampton County on August 6, 2018, naming Defendants the City of Easton, Elizabeth Gehman, individually and in her official capacity, and John Bast, individually and in his official capacity as the Chief of the Easton Fire Department. Plaintiffs bring federal claims under 42 U.S.C. § 1983 for both substantive and procedural due process violations and state law claims for negligence and tortious interference with contractual relations.

On February 6, 2019, Defendants removed this action to this Court. *See* Notice of Removal, ECF No. 1. Defendants moved to dismiss the complaint and argue that Plaintiffs' claims against Bast are time-barred and that the complaint fails to state a claim upon which relief can be granted. ECF No. 4. After several stipulated extensions of the time for Plaintiffs to respond to the motion, Plaintiffs' counsel filed a motion to withdraw based on nonpayment of fees on March 27, 2019. On May 3, 2019, the Court granted the motion, gave Plaintiffs thirty days to seek substitute counsel, and directed them to file any response to the motion to dismiss by June 10, 2019. ECF No. 11. On June 10, Plaintiffs filed a response detailing their dispute with their former counsel; however, they did not otherwise respond to the motion to dismiss as directed. ECF No. 12. The Court granted Plaintiffs one final opportunity to respond to the motion to dismiss and directed them to file a response by July 10, 2019. ECF No. 13. On July 9, 2019, Plaintiffs filed a response that once again explained their position concerning their dispute with their former counsel but did not address the motion to dismiss. ECF No. 14.

### III.   LEGAL STANDARD

In rendering a decision on a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to

3
072519

the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

Plaintiffs did not respond to Defendants' motion to dismiss, even after the Court twice ordered them to do so. Local Rule 7.1 provides that, in the absence of timely response, a court may grant a motion as uncontested. *See* E.D. Pa. L.R. 7.1. However, the Third Circuit Court of Appeals discourages dismissing a pro se civil rights action based only on a plaintiff's failure to respond to a motion to dismiss without considering the merits. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Blackshear v. Verizon, DE, LLC*, No. CIV.A. 11-1036, 2011 WL 5116912, at *1 (E.D. Pa. Oct. 27, 2011) (addressing merits of unopposed motion to dismiss). Therefore, the Court considers Defendants' motion uncontested and proceeds to the merits.

### A. Substantive Due Process Claim

Count I of Plaintiffs' complaint alleges a substantive due process claim under the Fifth and Fourteenth Amendments of the U.S. Constitution. To properly allege a violation of

substantive due process, a plaintiff must show: (1) a property interest protected by the Fourteenth Amendment and (2) deprivation of that interest due to behavior by local officials that shocks the conscience. *Perano v. Twp. of Tilden*, 2010 WL 1462367, at *7 (E.D. Pa. Apr. 12, 2010) (citing *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)), *aff'd* 423 F. App'x 234 (3d Cir. 2011).

The Third Circuit expressly adopted the shocks the conscience standard for land use actions in *United Artists Theatre Circuit, Inc. v. Township of Warrington*, repudiating the less demanding "improper motive test" that had previously governed such cases. 316 F.3d 392, 400 (3d Cir. 2003) (internal quotation marks omitted). The Court has noted that the heightened standard "is designed to avoid converting federal courts into super zoning tribunals." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004).

What shocks the conscience "varies depending on the factual context," *id.* at 285 (quoting *United Artists*, 316 F.3d at 400), but the standard encompasses "only the most egregious official conduct." *Id.* (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Actions taken in violation of state law, in bad faith, due to improper motive, or based on considerations outside the actor's jurisdiction are generally not sufficiently egregious to shock the conscience. *See United Artists*, 316 F.3d at 402; *Corneal v. Jackson Twp.*, 313 F. Supp. 2d 457, 466 (M.D. Pa. 2003), *aff'd* 94 F. App'x 76 (3d Cir. 2004). Absent claims of corruption, self-dealing, bias against an ethnic group, or intent to interfere with constitutionally-protected activity, the Third Circuit and district courts have hesitated to find official behavior in the land use context conscience-shocking. *See E. Rockhill Twp. v. Richard E. Pierson Materials Corp.*, No. 18-02730, 2019 WL 2357589, at *3–4 (E.D. Pa. June 4, 2019) (collecting cases).

Plaintiffs have alleged the first element, a property interest protected by the Fourteenth Amendment: they own the rental property in Easton. *MFS, Inc. v. DiLazaro*, 771 F. Supp. 2d

5
072519

382, 440 (E.D. Pa. 2011) (noting that an interest in control, use, and enjoyment of property is protected by the Fourteenth Amendment), *aff'd*, 476 F. App'x 282 (3d Cir. 2012). However, they have failed to allege government action that meets the "shocks the conscience" standard. Plaintiffs allege, at best, that the City and/or its officials failed to reissue a certificate of rental suitability, even after the property passed the required inspection, which prevented Plaintiffs from renting apartments. Plaintiffs do not allege that Defendants acted in bad faith or with an improper motive; instead, they attribute the failure to reissue the certificate to the "negligence and carelessness of the Defendants." Compl. ¶ 24. This conduct falls far short of the level of government action that violates substantive due process. *See Kapish v. Advanced Code Grp.*, No. 3:15CV278, 2015 WL 5124143, at *5 (M.D. Pa. Sept. 1, 2015) (allegations that building code inspectors applied unfair interpretations of the local building code, causing delays and additional expenses to the completion of plaintiffs' new home did not state substantive due process claim); *see also Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004) (holding that applying requirements to plaintiff's property not applied to other properties, making unannounced and unnecessary inspections and enforcement actions, and delaying permits and approvals are not "conscience shocking" actions giving rise to due process claims). Therefore, the Court will dismiss Plaintiffs' Fourteenth Amendment substantive due process claim.

### B. Procedural Due Process Claim

In Count II of the complaint, Plaintiffs allege that Defendants violated their procedural due process rights. "To establish a violation of procedural due process, the plaintiffs must prove that a person acting under color of state law deprived them of a protected property interest, and that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." *Hayward v. Borough of Sharon Hill*, No. CIV.A. 13-825, 2013 WL

5777293, at *4 (E.D. Pa. Oct. 25, 2013) (quoting *Prosperi v. Twp. of Scott*, No. 6–501, 2006 WL 2583754, *3 (W.D. Pa. Sept. 7, 2006)). At its core, procedural due process is the "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976); *see also Perano v. Twp. of Tilden*, 423 F. App'x 234, 237–38 (3d Cir. 2011) (upholding the grant of a motion to dismiss a procedural due process claim where there existed adequate state-based "judicial remedies for challenging administrative land use decisions"). "A state provides constitutionally adequate procedural due process when it provides 'reasonable remedies to rectify a legal error by a local administrative body.'" *Hayward*, 2013 WL 5777293, at *4 (citing *Desi'z Pizza, Inc. v. City of Wilkes–Barre*, No. 01–480, 2006 WL 2460881, at *17 (M.D. Pa. Aug. 23, 2006)).

Plaintiffs claim that "Defendants' continuous failure to reinspect Plaintiffs' property and not allowing any tenants in the property materially devalues Plaintiffs' legal rights and interests related to and/or held within the property" and argue that Defendants provide no process or procedure by which Plaintiffs could challenge the alleged delay in inspecting the property and approving it for rental. Compl. ¶¶ 35-36. However, as Defendants point out, Section 456-19(G)(1) of the City Code of Easton allows any person affected by a decision of a City Code Enforcement Officer to appeal to the City's Property Maintenance Board of Appeals. Easton City Code § 456-19 (G)(1)("Any person affected by a decision, notice or order of a Code Enforcement Officer under this article shall have the right to appeal to the City of Easton Property Maintenance Board of Appeals.").[1] Additionally, the City Code allows any aggrieved citizen to appeal an adverse decision of the Property Maintenance Board of Appeals to the Court

---

[1] The Easton City Code is available at: https://www.ecode360.com/9644248?highlight= inspect,inspection,inspections,inspections%20license,license,licenses,licensing&searchId=11435 93901613690#9644248 (last accessed July 17, 2019).

of Common Pleas. Easton City Code § 456-19 (G)(3)(c). Plaintiffs do not identify these appeal procedures in their complaint, much less allege that they do not satisfy the requirements of procedural due process. Because "[Plaintiffs fail] to make any allegation regarding the adequacy of the state procedure at issue, dismissal is appropriate." *Sisk v. Sussex Cty.*, No. CIV.A. 11-121-RGA, 2012 WL 1970879, at *11–12 (D. Del. June 1, 2012) (dismissing procedural due process claim based on zoning violations where state law allowed appeals of adverse zoning decisions to zoning board and state court); *see also Hayward*, 2013 WL 5777293, at *4 (dismissing procedural due process claim where plaintiff did not avail himself of judicial mechanism available under state law to challenge borough's denial of permit for renovations to plaintiff's property). Plaintiffs have failed to state a procedural due process claim and the Court grants the motion to dismiss with respect to Count II.[2]

### C. Negligence Claim

Plaintiffs also allege a negligence claim in Count III of their complaint, alleging that Defendants "failed to render proper services" to Plaintiffs in accordance with the required standard of care, which resulted in harm to Plaintiffs. Compl. ¶¶ 39-40. Defendants move to

---

[2] Defendants correctly recognize alternative bases to dismiss the due process claims against Gehman and Bast. Because claims against a municipal official in his or her official capacity duplicate claims against the municipality itself, courts dismiss official capacity claims as redundant when a plaintiff brings identical claims against the city directly. *See Palmer v. City of Scranton*, No. CV 3:17-2369, 2018 WL 3207323, at *2–3 (M.D. Pa. June 29, 2018) (dismissing duplicative claims); *Zavala v. Robinson*, No. CIV.A. 12-3527, 2012 WL 6209890, at *3 (E.D. Pa. Dec. 12, 2012) ("[C]ourts regularly dismiss lawsuits brought against individuals in their official capacity if the relevant governmental entity was also sued."). Because Plaintiffs state the same claims against Easton, their claims against Gehman and Bast in their official capacities are redundant. Additionally, Plaintiffs cannot prevail on their claims against Gehman and Bast in their individual capacities because the complaint contains no allegations of involvement by either Gehman or Bast in the alleged due process violations. *See Acosta v. Democratic City Comm.*, 288 F. Supp. 3d 597 (E.D. Pa. 2018) (holding that government official must have had some personal involvement in unconstitutional conduct to be liable under Section 1983 and dismissing claims where no personal involvement alleged).

dismiss and argue that Pennsylvania's Political Subdivision Tort Claims Act (PSTCA), 42 Pa. C.S. § 8541, *et seq.*, bars negligence claims against them.

The PSTCA grants immunity from liability for state law tort claims to municipalities, municipal agencies, and municipal officers acting in an official capacity. *See* 42 Pa. C.S. § 8541 ("[N]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."). Plaintiffs' negligence claim does not fall under any of the eight types of negligence claims for which the PSTCA does not grant immunity.[3] Therefore, the City of Easton is immune from any liability on this claim. *See The Choice Is Yours, Inc. v. The Choice Is Yours*, No. 2:14-CV-01804, 2015 WL 5584302, at *7 (E.D. Pa. Sept. 22, 2015) (holding that the PSTCA shields governmental entities from liability). The PSTCA also grants immunity to individual municipal officials to the same extent as the local agencies that employ them except, however, that individual officials may be held liable for acts amounting to a crime, actual fraud, actual malice, or willful misconduct. *Indira v. Groff*, No. CIV.A. 14-4050, 2015 WL 1637151, at *11 (E.D. Pa. Apr. 13, 2015) (citing 42 Pa. C.S. §§ 8541–42, 8545, 8550). Therefore, Defendants Gehman and

---

[3] Specifically, the PSTCA permits negligence claims resulting from: (1) vehicle liability; (2) the care, custody and control of personal property; (3) the care, custody and control of real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) the care, custody and control of animals. 42 Pa. C.S. § 8542(b). Although Plaintiffs' claims involve their property interest in real estate, the "care, custody and control of real property" exception does not permit a negligence claim in this case because the exception applies only where a municipal defendant's negligent act makes real property defective or unsafe for its regular or intended use. *DeLuca v. Sch. Dist. of Philadelphia*, 654 A.2d 29, 31 (Pa. Commw. Ct. 1994) ("[O]ur Supreme Court has stated that [the real property] exception applies only where a negligent act makes the real property itself unsafe for the regular, intended or reasonably foreseeable uses of the property.").

Bast are immune from liability on Plaintiffs' negligence claim as well. The Court therefore grants Defendants' motion to dismiss with respect to Count III of the Complaint.

### D. Tortious Interference with Contractual Relations

Plaintiffs bring a claim for tortious interference with contractual relations in Count IV of their complaint. Defendants move to dismiss and argue that the PSTCA provides immunity and, in the alternative, that Plaintiffs have failed to state a claim.

Defendants correctly recognize that the PSTCA shields municipalities from liability for claims of tortious interference with contractual relations. *See Indira*, 2015 WL 1637151, at *11; *see also Egli v. Strimel*, No. CV 14-6204, 2015 WL 5093048, at *6 n.6 (E.D. Pa. Aug. 28, 2015) (recognizing that PSTCA grants immunity from intentional tort claims to local government). The PSTCA also immunizes individual municipal officials from liability to the same extent as the local agencies that employ them except, however, that individual officials may be held liable for acts amounting to a crime, actual fraud, actual malice, or willful misconduct. *See* 42 Pa. C.S. §§ 8541–42, 8545, 8550; *Leidy v. Borough of Glenolden*, 277 F. Supp. 2d 547, 567–68 (E.D. Pa. 2003), *aff'd*, 117 F. App'x 176 (3d Cir. 2004). "Willful misconduct in this context has the same meaning as the term intentional tort." *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 214 (3d Cir. 2001). *See also Indira*, 2015 WL 1637151, at *11 (finding individual defendants entitled to PSTCA immunity where plaintiff did not state a claim for tortious interference against them).

To state a claim for tortious interference with contractual relations a plaintiff must allege: "(1) an actual or prospective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damages resulting from the defendant's conduct." *Perma–Liner Indus., Inc. v. U.S. Sewer & Drain, Inc.*, 630 F. Supp. 2d 516, 524 (E.D.

Pa. 2008) (citing *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 470–71 (Pa. 1979)); *see also McClease v. R.R. Donnelley & Sons Co.*, 226 F. Supp. 2d 695, 703 (E.D. Pa. 2002).

Plaintiffs allege that, as a result of Defendants' failure to issue the rental certification, they could not rent the property and lost their source of income, which caused them to default on the mortgage for the property. Compl. ¶ 21. Although the complaint specifies only that "Plaintiffs have a valid and enforceable right in their property," Plaintiffs seem to base their claim on the loss of prospective tenants of their property. To allege prospective contractual relations, a plaintiff must allege "something less than a contractual right, something more than a mere hope." *Neopart Transit, LLC v. CBM N.A. Inc.*, 314 F. Supp. 3d 628, 639 (E.D. Pa. 2018) (quoting *BP Envtl. Servs., Inc. v. Republic Servs., Inc.*, 946 F.Supp.2d 402, 412–13 (E.D. Pa. 2013)). Plaintiffs do not allege any facts to suggest a reasonable likelihood of future contracts with tenants. Moreover, Plaintiffs make no allegations of personal action or inaction by either Gehman or Bast. Nor does the complaint contain any allegation to support the inference that any defendant acted with the intent to harm Plaintiffs by preventing them from renting their property. *See Empire Trucking Co., Inc. v. Reading Anthracite Coal Co.*, 271 A.3d 923 (Pa. Super. Ct. 2013) (recognizing that a claim for tortious interference with contractual relations requires proof that the defendant acted for the specific purpose of causing harm to the plaintiff by interfering with a contractual relationship). Plaintiffs therefore have failed to state a claim for tortious interference with contractual relations against Defendants Gehman and Bast, and therefore have failed to allege willful misconduct. Therefore, the PSTCA provides immunity to all Defendants, and the Court grants Defendants' motion to dismiss Count IV of the complaint.

**V. CONCLUSION**

For the reasons discussed above, the Court grants Defendants' motion to dismiss.[4] A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] A court must generally grant leave to amend before dismissing a § 1983 pleading that is merely deficient. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Because the PSTCA bars Plaintiffs' state law claims against the City of Easton, amendment would be futile, and those claims against Easton are dismissed with prejudice. Because the PSTCA bars claims against Gehman and Bast unless they commit willful misconduct, amendment is futile with respect to Plaintiffs' negligence claim against them and that claim is dismissed with prejudice as well. However, Plaintiffs will be allowed leave to amend with respect to all other claims. Because the Court dismisses Plaintiffs' claims on other grounds, it does not at this time address Defendants' argument that claims against Bast are time-barred. However, Plaintiffs are advised that any amended complaint should take into account the applicable two-year statute of limitations. *See Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (recognizing two-year statute of limitations for § 1983 claims and Pennsylvania tort claims).

12
072519